UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie E. Cannon, #233337 | ) C/A No. 8:07-3984-CMC-BHH |
|                    Plaintiff, | ) |
| vs. | ) |
| South Carolina Department of Corrections; Paul B. Wickensimer, Greenville Clerk of Court | ) **Report and Recommendation** |
|                    Defendants. | ) |

_____

The Plaintiff, Willie E. Cannon (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Kirkland Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names as Defendants the South Carolina Department of Corrections (SCDC)[2] and Paul B. Wickensimer, Greenville Clerk of Court. Plaintiff seeks monetary damages, as well as injunctive relief. The Complaint should be dismissed for failure to state a claim upon which relief may be granted.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The

mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Background

On January 21, 1997, Plaintiff entered a guilty plea to Distribution of Crack Cocaine and was sentenced to six (6) years in prison. Plaintiff indicates his sentencing sheet reflected a guilty plea to "CDR-112", which Plaintiff understood to be a second offense, non-violent drug conviction. Plaintiff expected to become parole eligible after serving fifty-one (51) percent of his sentence. However, after Plaintiff's commitment to SCDC, Defendant Wickensimer allegedly "sent documents that were changed in a illegal manner to [SCDC]." *See* Cmp. at 5. Attachments to the Complaint indicate that Plaintiff's sentence sheet was changed from "second offense, CDR-112" to "third offense, CDR-114". *See* Exhibit "B" at 4; Exhibit "C" at 5. This "illegal[ly] altered commitment document", apparently prompted Defendant SCDC to change Plaintiff's offense number and code to a non-parolable offense requiring Plaintiff to serve eighty-five (85) percent of his sentence.

3

*See* Cmp. at 5.  Plaintiff's "max-out"/ release date and parole eligibility were negatively affected by the Defendants' change in the categorization of his commitment offense.  *See* Exhibit "C" at 27.   Plaintiff seeks monetary damages from the Defendants and correction of his records.

## Discussion

Plaintiff files this action pursuant to 42 U.S.C. § 1983, seeking monetary and injunctive relief from SCDC, a state agency, and Paul B. Wickensimer, Greenville County Clerk of Court.  However, as discussed below, both Defendants are immune from suit under § 1983.

In regards to Defendant Wickensimer, Clerks of Court, though elected by the voters of a county, are part of the State of South Carolina's unified judicial system.  *See* S.C. Const. art. V, § 24; S.C. Code Ann. §§ 14-1-40, 14-17-10. The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'"  *Kincaid v. Vail*, 969 F.2d 594, 601(7th Cir. 1992), *quoting Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989).  *See also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel).  *Cf*. *Pink v. Lester*, 52 F.3d 73 (4th Cir.1995) (overruling  *McCray v. Maryland*, 456 F.2d 1 (4th Cir. 1972) which held that clerks of court might be held liable for negligent conduct in the filing of prisoner pleadings).

Plaintiff alleges that Defendant Wickensimer "sent documents that were changed in a[n] illegal manner to the Defendant South Carolina Dept. of Corrections." *See* Cmp. at 5. Plaintiff does not appear to know the identity of the person who changed the documents, stating "at this time the Plaintiff does not care if Mickey Mouse jumped in the file cabinet with a magic marker the search of who changed the offense # and code could be equal to that of the Watergate break-in." *Id*. As Plaintiff's claim appears to be based on the manner in which the Defendant Wickensimer, as Greenville County Clerk of Court, performed the official duty of forwarding court documents to Defendant SCDC, Defendant Wickensimer is protected by the doctrine of quasi-judicial immunity.

In addition to immunity from monetary damages, Defendant Wickensimer is also protected from claims for injunctive relief. Section 309(c) of the Federal Courts Improvement Act of 1996 (FICA), Pub. L. No 104-317, 110 Stat. 3847 (1996), amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. As Plaintiff does not allege that either of these prerequisites for injunctive relief were met, his claim for injunctive relief against Defendant Wickensimer is subject to dismissal. *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(barring injunctive relief against a quasi-judicial official).

Defendant SCDC is likewise protected from suit under § 1983 by the Eleventh Amendment. The Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974). Although this language does not explicitly prohibit a

citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U. S. 1 (1890), held that the purposes of the Eleventh Amendment, i.e. protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. The Eleventh Amendment also bars this Court from granting injunctive relief against the state or its agencies. *See Federal Maritime Com'n v. South Carolina State Port's Authority,* 535 U.S. 743, 765 (2002); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996)("the relief sought by plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"). State agencies and state instrumentalities share this immunity when they are the alter egos of the state. *See Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997).

While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). In addition, a State may consent to a suit in a federal district court. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984). However, the State of South Carolina has not consented to such actions. *See* South Carolina Tort Claims Act, § 15-78-20(e), South Carolina Code of Laws (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.) Thus, Defendant SCDC is protected by Eleventh Amendment immunity, and entitled to summary dismissal from the instant action.

Finally, to the extent Plaintiff's request for "correction to the record" may be an attempt to challenge the fact or duration of Plaintiff's confinement, he must seek federal habeas corpus relief or the appropriate state relief instead. *Wilkerson v. Dotson*, 544 U.S. 74, 78 (2005). A civil rights action under § 1983 is the correct vehicle to challenge the conditions of confinement, but not the fact or length of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973). *See also Wilkerson v. Dotson*, 544 U.S. at 81-83 ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- if success in that action would necessarily demonstrate the invalidity of confinement or its duration.") Thus, should Plaintiff, through his request for injunctive relief, be seeking release from confinement, such relief must be sought through the appropriate federal habeas corpus statute.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance of service of process. *See Denton v. Hernandez*, 504 U.S. at 31, *Neitzke v. Williams*, 490 U.S. at 324-25; *Todd v. Baskerville* 712 F.2d at 74. Plaintiff's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

January 7, 2008
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).