IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| Willie E. Cannon, #233337, | ) | C/A NO. 8:07-3984-CMC-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| South Carolina Department of Corrections, | ) | |
| Paul B. Wickensimer, Greenville Clerk | ) | |
| of Court, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial proceedings and a Report and Recommendation ("Report"). On January 7, 2008, the Magistrate Judge issued a Report recommending that the complaint be dismissed without prejudice and without issuance and service of process. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has submitted a motion to "amend" his § 1983 action to transform it into a petition for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's motion to amend, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. As it is currently presented, the complaint should be dismissed without prejudice and without issuance and service of process.

However, Plaintiff has submitted a motion to amend his § 1983 complaint to recast it as a petition for writ of habeas corpus, to be filed in this court pursuant to 28 U.S.C. § 2254.[1] A recasting of Plaintiff's complaint as a petition for writ of habeas corpus means that any subsequent § 2254 petition would be subject to the restrictions on "second or successive" petitions contained in 28 U.S.C. § 2244. Therefore, no later than **Friday, February 15, 2008**, Plaintiff shall either move to withdraw his complaint or notify this court that the proposed amendment that he has submitted

---

[1] A petition for writ of habeas corpus is available to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

contains all the § 2254 claims which he believes he has.[2]  If Plaintiff notifies the court that he intends to proceed with his proposed amendment in its current form, this matter shall be recommitted to the Magistrate Judge for further proceedings.  If Plaintiff does not respond to this order, this complaint and Plaintiff's current motion to amend shall be dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 29, 2008

---

[2] Failure to provide Plaintiff this opportunity would preclude this complaint as being considered to have become a § 2254 motion for purposes of applying the law's "second or successive" restrictions to later-filed petitions.  *See Castro v. United States*, 540 U.S. 375 (2003) (requiring such notice for § 2255 motions).

3