IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| Willie E. Cannon, #233337, | ) | C/A NO. 8:07-3984-CMC-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| South Carolina Department of Corrections; | ) | |
| and Warden Broad River Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* petition for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial proceedings and a Report and Recommendation ("Report"). On September 19, 2008, the Magistrate Judge issued a Report recommending that the petition be dismissed with prejudice for failure to prosecute. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report on October 7, 2008.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court declines to adopt the recommendation of the Magistrate Judge to dismiss this matter based upon Petitioner's failure to prosecute. However, because Petitioner's objections address the substance of Respondents' motion for summary judgment, the court construes the objections as a response to Respondent's motion, foregoes the opportunity to return this matter to the Magistrate Judge for further pretrial proceedings, and **grants** Respondents' motion for summary judgment for the reasons stated below.

**Subject Matter Jurisdiction**[1]

Petitioner was released from the South Carolina Department of Corrections on July 10, 2008. Therefore, as he is no longer in custody, the court finds it also must dismiss this § 2254 petition for lack of subject matter jurisdiction.[2]

---

[1]Subject matter jurisdiction may be raised by this court *sua sponte* at any time. *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). A federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction. *Goldsmith v. Mayor & City Council of Baltimore*, 845 F.2d 61, 64 (4th Cir. 1988).

[2]The court recognizes that where a state inmate is challenging the execution of his state court sentence, circuit courts are split on whether 28 U.S.C. § 2241 or § 2254 is the proper statute under which the state inmate should proceed. See *Gregory v. Coleman*, 218 Fed. Appx. 266 (4th Cir. 2007), noting circuit split and comparing *White v. Lambert*, 370 F.3d 1002, 1005 (9th Cir. 2004) ("adopt [ing] majority view that 28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction" ), with *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (approving of inmates proceeding under § 2241 to challenge execution of state court sentence).

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam) (quoting 28 U.S.C. § 2241(c)(3)).  *See also* 28 U.S.C. §2254(a).

The "in custody" requirement is jurisdictional, and "requir[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time is petition is filed." *Maleng*, 490 U.S. at 490-91.  This is because the habeas writ operates to secure immediate release from illegal physical custody.  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Fay v. Noia*, 372 U.S. 391, 430-31 (1963) (Habeas corpus "lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him.  Indeed it has no other power[.]"), *overruled on other grounds*, *Coleman v. Thompson*, 501 U.S. 722 (1991).

"[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492.  *See also Lackawanna County Dist. Attorney. v. Coss*, 532 U.S. 394, 403 (2001) (holding that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.").

Petitioner was released from SCDC on July 10, 2008. Therefore, he is no longer "in custody" for purposes of § 2254, and this court is therefore without subject matter jurisdiction to entertain this petition.[3]

**Timeliness**

Even if the court were to have jurisdiction over Petitioner's application, it is untimely. The Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), imposed a one-year statute of limitations on petitions under 28 U.S.C. § 2254. Pursuant to the AEDPA, the limitation period runs from the latest of:

> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2244(d)(1). Pursuant to §2244(d)(2), "the time during which a properly filed application for State post-conviction review or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Therefore, unless subject to an exception under the AEDPA, a petitioner must file an application for relief under § 2254 within one year of his or her conviction becoming final.

---

[3]The "in custody" requirement is applicable to a petition brought in this court pursuant to 28 U.S.C. § 2241 as well.

The Fourth Circuit has held that the AEDPA's time limit is a statute of limitation, not a jurisdictional bar, and therefore "is subject to equitable tolling, at least in principle." *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). However, equitable tolling is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. at 330. Petitioner would be entitled to equitable tolling of the statute of limitations period if he "presents (1) extraordinary circumstances, (2) beyond [his] control or external to [his] own conduct, (3) that prevented [him] from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Equitable tolling is generally reserved for those instances where some wrongful conduct of the opposing party (in this case, the Respondent) prevented Petitioner from filing a petition, or extraordinary circumstances beyond Petitioner's control made it impossible to timely file the claim. *See Harris*, 209 F.3d at 330. The instant petition meets none of these requirements.

On January 21, 1997, Petitioner pleaded guilty to Distribution of Crack Cocaine (97-GS-23-0799) and was sentenced to six (6) years' imprisonment. This sentence was dated *nunc pro tunc* to April 4, 1996 and was to run concurrently with another six (6) year sentence Petitioner had received the year before for another distribution of crack cocaine charge (95-GS-23-2864). Petitioner did not appeal his conviction or sentence for this offense (97-GS-23-0799).

On September 30, 1999, Petitioner filed an application for post-conviction relief (PCR) (99-CP-23-3915) in state court, alleging his "sentence code" was changed by the Department of Corrections in violation of the Double Jeopardy Clause of the United States Constitution, causing his offense to be classified as a non-parolable offense rather than a parole-eligible offense. Petitioner later amended his petition to include additional constitutional claims. On October 31,

5

2002, a hearing was held regarding Petitioner's PCR application. The application was dismissed and Petitioner appealed the state PCR court's decision to the South Carolina Supreme Court. On September 25, 2003, the South Carolina Supreme Court denied the petition for certiorari and granted appellate counsel's motion to withdraw. On October 13, 2003, the Remittur was filed.

On April 2, 2008, Petitioner filed a second PCR action in state court, essentially raising the same allegations as were contained his first PCR action. To this court's knowledge, no final action has been taken in that matter.

Even assuming that the entire period from the date of his conviction and sentence through the appeal of the dismissal of his first PCR action could be equitably tolled, this habeas petition would be untimely. It was filed over three years after the denial of certiorari to the South Carolina Supreme Court, well beyond the one-year limitation period contained in § 2244(d).

**Conclusion**

This petition is dismissed without prejudice as this court is without jurisdiction to entertain it.[4]

**IT IS SO ORDERED.**

    s/ Cameron McGowan Currie
    CAMERON MCGOWAN CURRIE
    UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 17, 2008

---

[4] Even if this court did have jurisdiction, this court would **grant** Respondent's motion for summary judgment and dismiss the petition as untimely filed.